Ari D. Schneider
The Busch Law Group LLC
402 Main Street, Suite 203
Metuchen, New Jersey 08840
Attorneys for Plaintiff
*Harbortouch Payments, LLC.*
*f/k/a United Bank Card, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARBORTOUCH PAYMENTS, LLC, f/k/a UNITED BANK CARD, INC. | **Document Electronically Filed** |
| Plaintiff, | Civil Action No. 3:14-cv-06049-JAP-LHG |
| v. | |
| DENALI STATE BANK, JOHN DOES (1-10) and JANE DOES (1-10), fictitious persons; and ABC CORPORATIONS (1-10), fictitious business entities, | **ORDER TO SHOW CAUSE** |
| Defendant. | |

**THIS MATTER** being opened before this Court by Plaintiff, Harbortouch Payments, LLC, f/k/a United Bank Card, Inc. ("Plaintiff"), by and through its attorneys, The Busch Law Group (Ari D. Schneider, Esq. as counsel of record), on Plaintiff's application for temporary restraints and a preliminary injunction pursuant to Rule 65 and Local Rule 65.1 and based upon the facts set forth in Plaintiff's Verified Complaint and supporting Declaration

of Terrence P. Sullivan, Esq., filed herewith; and notice being provided to Defendant, Denali State Bank ("Defendant"), through simultaneous service of this document, as well as all other documents in support of Plaintiff's requested relief; and for good cause being shown;

**IT IS** on this _____ day of October 2014, hereby

**ORDERED** that on October _____, 2014, at _____ (AM/PM), or as soon thereafter as counsel may be heard, Defendant shall appear before the Honorable _____+, _____, Court Room _____ at the United States Courthouse, Trenton, New Jersey, and show cause why Judgment should not be entered for:

    (a) A temporary, preliminary, and permanent injunction against Denali State Bank, preventing them from soliciting and converting Plaintiff's merchants, as well as engaging in other activities that may impose financial risk and undue economic hardship and/or damage to the goodwill of Plaintiff;

    (b) Attorneys' fees, interest and costs of suit to the extent same are not to be addressed in final and binding arbitration through the American Arbitration Association ("AAA") as required by the Agreement; and,

    (c) Such other relief as the Court deems just and proper;

and it is

2

**FURTHER ORDERED** that pending the return date herein, Defendant is hereby temporarily restrained and enjoined from taking any action that would serve to solicit, convert and/or impose financial risk and/or undue economic hardship to any of Plaintiff's Merchants and/or tortuously interfere with Plaintiff's contractual relationships with its Merchants, and it is

**FURTHER ORDERED** that the foregoing temporary restraints issue once Plaintiff gives security in the amount of $_____.

**FURTHER ORDERED** that:

1. Defendant may move to dissolve or modify the temporary restraints herein contained on two (2) days' notice to Plaintiff's counsel; and

2. A copy of this Order to Show Cause (fully executed), and all other documents submitted in support of this application be served upon Defendant within ___ days of the date hereof; and

3. Plaintiff shall file with this Court proof of service of the pleadings upon Defendant no later than three (3) days before the return date; and

4. Defendant shall file and serve a written Answer or other responsive pleadings to this Order to Show Cause and the relief requested in the

3

Verified Complaint, as well as proof of service of same upon Plaintiff's counsel, by October ____, 2014; and

5. Plaintiff must file and serve any written reply to Defendant's Answer or other responsive pleading, if applicable, by October ____, 2014; and

6. If Defendant does not file and serve any opposition to this Order to Show Cause, the application will be decided on the papers on the return date and relief may be granted by Default, provided that Plaintiff files a proof of service and proposed form of Order at least three (3) days prior to the return date; and

7. If Plaintiff has not already done so, a proposed form of Order addressing the relief sought on the return date (along with a pre-paid return envelope) must be submitted to the Court no later than three (3) days before the return date; and

8. Defendant shall take notice that Plaintiff filed a Verified Complaint against Defendant in the Superior Court of New Jersey – which has since been removed to the United States District Court, District of New Jersey. The Verified Complaint

4

filed with this Court in conjunction with Defendant's Notice of Removal states the basis of Plaintiff's request for injunctive relief, attorneys' fees and compensatory damages (only to the extent same are not addressed in a related pending AAA action); and

9. If Defendant disputes the Verified Complaint it must file a written Answer and proof of service before the return date of this Order to Show Cause; and

10. Defendant must file and serve its Answer or judgment may be entered against it for the relief Plaintiff demands by Default. An opposition to the Order to Show Cause is not an Answer and Defendant must file both; and

11. The Court will entertain argument, but not testimony, on the return date of the Order to Show Cause, unless the Court and parties are advised to the contrary no later than ___ days before the return date.

_____

( ) Opposed
( ) Unopposed

5